# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By dreese at 4:58 pm, Oct 07, 2013

In the matter of: )
) Chapter 13 Case
DOROTHY BOUTON )
) Number 10-40989-EJC
*Debtor* )

## OPINION AND ORDER ON DEBTOR'S MOTION FOR EXEMPTION FROM FINANCIAL MANAGEMENT COURSE AND DOMESTIC SUPPORT OBLIGATION FORM

Before the Court is a Motion for Exemption from Financial Management Course and Domestic Support Obligation Form (the "Motion") filed on behalf of Dorothy Bouton, a deceased debtor ("Debtor"). Dckt. No. 34. This matter came on for hearing before the Court on August 21, 2013. At the hearing, the Chapter 13 Trustee (the "Trustee") expressed no opposition to the Motion, and the Court requested briefing from the parties on the relief requested. On September 20, 2013, Debtor's counsel and the Trustee filed a Joint Memorandum of Law on the Motion. Dckt. No. 40. Having reviewed the Joint Memorandum of Law and the record in this matter, the Court now enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Debtor filed her Chapter 13 case on May 7, 2010. Dckt. No. 1. Upon Debtor's motion, the Court allowed direct plan payments by Debtor, whose only source of income was Social Security. Dckt. No. 16. Debtor's plan was confirmed by this Court's Order of September 10, 2010. Dckt. No. 27.

On July 8, 2013, the Chapter 13 Trustee filed correspondence to notify the Debtor that her plan payments had been completed and that her case could be closed once her certificate regarding domestic support obligations was filed. Dckt. No. 33. Debtor's counsel then filed a "Motion to Waive," requesting that the Court exempt Debtor from the requirement to complete a Financial Management Course and submit a Domestic Support Obligation Form because the Debtor had died on April 22, 2013. Dckt. No. 34.

A review of Debtor's Schedule E reflects that Debtor had no domestic support obligations at the time she filed her case. Dckt. No. 1 at 14. Additionally, on September 19, 2013, two affidavits were filed – (1) an affidavit executed by Debtor's daughter stating that based upon her personal knowledge, at no time was Debtor ever obligated to pay child support or alimony to anyone, and (2) an affidavit executed by Debtor's counsel stating that during the intake process, Debtor was specifically asked if she was obligated to pay child support or alimony, and Debtor responded that she was not. Dckt. Nos. 38 and 39. A review of the claims register in this case shows that no claim for a domestic support obligation has been filed in this case.

## CONCLUSIONS OF LAW

Bankruptcy Rule 1016 governs the administration of a case upon the death or incompetency of a debtor. FED. R. BANKR. P. 1016. Rule 1016 permits a Chapter 13 case to proceed and be concluded in the event of a debtor's death as though the death had not occurred "if further administration is possible and in the best interest of the parties." Id. The fact that a debtor has died does not necessarily preclude entry of a discharge. In re Perkins, 381 B.R. 530 (Bankr. S.D. Ill. 2007); see also In re Fuller, 2010 WL 1463150, at *1 (Bankr.

2

D. Colo. 2010) ("Although Rule 1016 stops short of giving the Court specific authorization to discharge the debts of a decedent, issuance of a discharge is the natural and contemplated result of the completion of payments under a chapter 13 plan."). However, for a discharge to be granted, a debtor must still meet the requirements of 11 U.S.C. § 1328.

Section 1328(a) provides the source of the rule requiring a debtor to file a certification affirming that all domestic support obligations have been paid. This provision states, in relevant part:

> Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and *in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation*, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid . . . the court shall grant the debtor a discharge of all debts provided for by the plan . . . .

11 U.S.C. § 1328(a) (emphasis added). In this case there is nothing in the record to suggest that this case involves "a debtor who is required . . . to pay a domestic support obligation." The certification form adopted by this Court permits a debtor to certify that she either is or is not required to pay a domestic support obligation, but the Code does not require any such certification if no obligation ever existed in the first place. Accordingly, the Court finds that Debtor is not required to file a Domestic Support Obligation Form.

The Motion also requests that the Court exempt Debtor from the Personal Financial Management Course requirement of § 1328(g). This section prohibits a Chapter 13 debtor from being granted a discharge, "unless after filing a petition the debtor has completed an instructional course concerning personal financial management described in

3

section 111." 11 U.S.C. § 1328(g)(1). However, the provisions of this section do not apply "with respect to a debtor who is a person described in section 109(h)(4)." 11 U.S.C. § 1328(g)(2). Section 109(h)(4) excludes a debtor "whom the court determines, after notice and hearing, is unable to complete [the personal financial management course] because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4). Disability is defined in § 109(h)(4) as meaning that a debtor "is so physically impaired as to be unable, after reasonable effort, to participate in [the personal financial management course]." Id.

The death of a debtor constitutes a disability under § 109(h)(4). White v. Glenville Bank, Case No. 6:11-cv-00082, Dckt. No. 7 at 4 (S.D. Ga. Aug. 16, 2011) ("Death is a disability, and a debtor's inability to complete an instructional course does not preclude a posthumous discharge."). Therefore, I find that Debtor should be exempted from the personal financial management course requirement of § 1328(g) because she is unable to complete the course due to disability.

ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Debtor's Motion for Exemption from Financial Management Course and Domestic Support Obligation Form is GRANTED.

_____
Edward J. Coleman, III
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 7th day of October, 2013.